# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIA ABALOS, LESBIA LILLIF, * | CIVIL ACTION NO: |
| BRANDON AUBERT, INDIVIDUALLY * | |
| AND ON BEHALF OF TANA GILBERT * | JUDGE: |
| EDWARD BANKS, BRADLEY * | |
| BARRIOS, GWENDOLA BARRIOS, * | MAG JUDGE: |
| TERRY BASKIN, MARTA BEAVERS, * | |
| EVELYN WEBER, ROYAL BIRDEN, * | |
| RITA BOUGERE, NOLAN BREAUX, * | |
| JR., INDIVIDUALLY AND ON * | |
| BEHALF OF NOLAN BREAUX SR. * | |
| AND ELLA BREAUX, BURNELL * | |
| BRADDY, KEIANA BRADDY FONDAL * | |
| PETER MAYBERRY, EMMA BROWN * | |
| THOMAS BRUNO, ANGIE BURAS, * | |
| WILLIAM HOYT, SHIRLEY BURD, * | |
| MICHAEL BURD, SANTOS * | |
| CANCERES, CATHERINE CAMPBELL* | |
| TONY CAMPBELL, STEPHEN * | |
| CARTER, LINDA DUET, DOMINICA * | |
| CHILDRESS, DOMINICK CHILDRESS * | |
| RICHARD CLEMENT, COMATETA * | |
| CLIFTON, BETTY CLIFTON, * | |
| JACQUELINE DENNIS, JENNIFER * | |
| DENNIS, GERRIE DONALDSON, * | |
| JERNA DONALDSON, KIRSTEN * | |
| DREYFUS, KENNETH EDWARDS, * | |
| EVELYN HARDEN, FREDERICK * | |
| ELLIOT, GENEVA VERDIN, CHANCE * | |
| ELLIS, WILLIE FAIRMAN, JR., * | |
| DONNA FALOUT, BUDDY FELO, SR., * | |
| BUDDY FELO, JR., DONNIE FRAZIER * | |
| WALDELL FRAZIER, SHIRLEY * | |
| GREEN, DOROTHY FISHER, LEROY * | |
| RICHARD, SHIRLEY GUILLIE, * | |
| DELARON HALL, JACKSON * | |
| JOHNSON, KARDELL JOHNSON ON * | |
| BEHALF OF YOLANDA MAIZE, * | |
| LIONEL JOHNSON, NELSON * | |
| JOHNSON, ELVER JOHNSON, BETTY * | |
| JONES, JACOB LOFTON, NAOMI * | |
| LOFTON, HAROLD LUKE, III, * | |
| GREGORY MAY, ASHLEY MCGEE, * | |

| | |
|---|---|
| LUBERTA SCOTT, CHARLOTTE | * |
| MCGEE, EVELYN MOORE, TERRY | * |
| WHITLEY, LELA O'BERRY, SIDNEY | * |
| PAYNE, MIGUEL PAYNES, REBECCA | * |
| HAMMOND, MICHAEL PENTON, | * |
| BOBBY PETE, INDIVIDUALLY AND | * |
| ON BEHALF OF LEONARD HARRIS, | * |
| BIANCA PLEMING, MICHAEL | * |
| PLEMING, CHERIE POOLE, KATEY | * |
| PRICE, RICHARD PRAMANN, PAUL | * |
| RAINES, SHIRLEY RICARD, | * |
| RANDOLPH CHARLES, DONNA | * |
| RICHARDSON, TOMEKA GRAY, | * |
| KARLENE LEWIS, INDIVIDUALLY | * |
| AND ON BEHALF OF PEGGY | * |
| ROBINSON, DAN ROBINSON, | * |
| INDIVIDUALLY AND ON BEHALF OF | * |
| PEGGY ROBINSON, ROBERT ROYAL | * |
| JR., INDIVIDUALLY AND ON | * |
| BEHALF OF ROBERT ROYAL, | * |
| GEORGE SCOTT, VANESSA SCOTT, | * |
| AUGUSTINE HUNTER, LEE SHORT, | * |
| GUS SHORTY, LINDA SIMS, W.M. | * |
| GILMORE, RAMONA SKEEN, | * |
| PANDORA SMITH, MICHAEL | * |
| JOHNSON, VESTINE STEVENS, | * |
| LOUIS THOMAS, KIM STEWART, | * |
| NORMA DUNNAWAY, CARLTON | * |
| STOUTES, SONIA THURMOND, | * |
| ERNEST TILLERY, ARDEN VAUGHN, | * |
| AUGUST TIRPITZ, THOMAS | * |
| VALENTINE, DOROTHY WAGNER, | * |
| BERNARD GALLE, JAMIE | * |
| WASHINGTON, PAULA | * |
| WASHINGTON, TYRONE | * |
| WASHINGTON, CARTRINA WATTS, | * |
| DARRYL LIGHTELL, SHONNA WEST | * |
| DEBRA WEST, JOHNNY WHITMIRE, | * |
| PATRELL WILLIAMS, PATRICIA | * |
| WILLIAMS, ANTOINETTE | * |
| WIMBERLY, AND BELONDA DAVIS | * |
| | * |
| | * |
| **VERSUS** | * |
| | * |
| **BOB DEAN, JR., UPTOWN** | * |

| | |
|---|---|
| **HEALTHCARE CENTER, LLC D/B/A** | * |
| **MAISON ORLEANS HEALTHCARE** | * |
| **OF NEW ORLEANS, RACELAND** | * |
| **MANOR NURSING HOME, INC., D/B/A** | * |
| **SOUTH LAFOURCHE NURSING AND** | * |
| **REHAB, BOB DEAN ENTERPRISES,** | * |
| **INC., PROPERTY HOLDING** | * |
| **COMPANY OF CRESCENT CITY, LLC** | * |
| **DNHG, LLC, RIVER PALMS NURSING** | * |
| **& REHAB, LLC, PARK PLACE** | * |
| **HEALTHCARE, LLC, ST.** | * |
| **ELIZABETH'S CARING, LLC D/B/A** | * |
| **WEST JEFFERSON HEALTH CARE** | * |
| **CENTER, MAISON DE'VILLE** | * |
| **NURSING HOME, INC., MAISON** | * |
| **DE'VILLE NURSING HOME OF** | * |
| **HARVEY, LLC, AND PLAQUEMINE** | * |
| **PLAZA HOLDINGS, LLC** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Bob Dean, Jr., Uptown Healthcare Center, LLC, d/b/a Maison Orleans Healthcare of New Orleans, Raceland Manor Nursing Home, Inc., d/b/a South Lafourche Nursing and Rehab, Bob Dean Enterprises, Inc., Property Holding Company of Crescent City, LLC, DNHG, LLC, River Palms Nursing & Rehab, LLC, Park Place Healthcare, LLC, St. Elizabeth's Caring, LLC, d/b/a West Jefferson Health Care Center, Maison De'Ville Nursing Home, Inc., Maison De'Ville Nursing Home of Harvey, LLC, and Plaquemine Plaza Holdings, LLC, who file this Notice of Removal to remove Plaintiffs' Petition for Damages from the Civil District Court, Parish of Orleans, State of Louisiana, to this Court, on the following grounds:

### *THE REMOVED CASE*

1.

On January 3, 2022, Plaintiffs, through their attorneys, filed a Petition for Damages and Determination of Filiation entitled "*Doria Abalos, Lesbia Lillif, Brandon Aubert, individually and on behalf of Tana Gilbert, Edward Banks, Bradley Barrios, Gwendola Barrios, Terry Baskin, Marta Beavers, Evelyn Weber, Royal Birden, Rita Bougere, Nolan Breaux, Jr., individually and on behalf of Nolan Breaux Sr. and Ella Breaux, Burnell Braddy, Keiana Braddy Fondal, Peter Mayberry, Emma Brown, Thomas Bruno, Angie Buras, William Hoyt, Shirley Burd, Michael Burd, Santos Canceres, Catherine Campbell, Tony Campbell, Stephen Carter, Linda Duet, Dominica Childress, Dominick Childress, Richard Clement, Comateta Clifton, Betty Clifton, Jacqueline Dennis, Jennifer Dennis, Gerrie Donaldson, Jerna Donaldson, Kirsten Dreyfus, Kenneth Edwards, Evelyn Harden, Frederick Elliot, Geneva Verdin, Chance Ellis, Willie Fairman, Jr., Donna Falout, Buddy Felo, Sr., Buddy Felo, Jr., Donnie Frazier, Waldell Frazier, Shirley Green, Dorothy Fisher, Leroy Richard, Shirley Guillie, Delaron Hall, Jackson Johnson, Kardell Johnson on behalf of Yolanda Maize, Lionel Johnson, Nelson Johnson, Elver Johnson, Betty Jones, Jacob Lofton, Naomi Lofton, Harold Luke, III, Gregory May, Ashley McGee, Luberta Scott, Charlotte McGee, Evelyn Moore, Terry Whitley, Lela O'Berry, Sidney Payne, Miguel Paynes, Rebecca Hammond, Michael Penton, Bobby Pete, individually and on behalf of Leonard Harris, Bianca Pleming, Michael Pleming, Cherie Poole, Katey Price, Richard Pramann, Paul Raines, Shirley Ricard, Randolph Charles, Donna Richardson, Tomeka Gray, Karlene Lewis, individually and on behalf of Peggy Robinson, Dan Robinson, individually and on behalf of Peggy Robinson, Robert Royal Jr., individually and on behalf of Robert Royal, George Scott, Vanessa Scott, Augustine Hunter, Lee Short, Gus Shorty, Linda Sims, W.M.. Gilmore, Ramona Skeen, Pandora Smith, Michael Johnson, Vestine Stevens, Louis Thomas, Kim Stewart, Norma Dunnaway, Carlton Stoutes, Sonia Thurmond, Ernest Tillery, Arden Vaughn, August Tirpitz, Thomas Valentine,*

*Dorothy Wagner, Bernard Galle, Jamie Washington, Paula Washington, Tyrone Washington, Cartrina Watts, Darryl Lightell, Shonna West, Debra West, Johnny Whitmire, Patrell Williams, Patricia Williams, Antoinette Wimberly, and Belonda Davis, v. Bob Dean Jr., Uptown Healthcare Center, LLC d/b/a Maison Orleans Healthcare of New Orleans, Raceland Manor Nursing Home, Inc., d/b/a South Lafourche nursing and Rehab, Bob Dean Enterprises, Inc., Property Holding Company of Crescent City, LLC, DNHG, LLC, River Palms Nursing & Rehab, LLC, Park Place Healthcare, LLC, St. Elizabeth's Caring, LLC d/b/a West Jefferson Health Care Center, Maison De'Ville Nursing Home, Inc., Maison De'Ville Nursing Home of Harvey, LLC, and Plaquemine Plaza Holdings, LLC"* bearing Docket Number 2022-00056, Division E, (the "Petition"), in the Civil District Court for the Parish of Orleans, State of Louisiana.

2.

On February 10, 2022, certain defendants were served with Plaintiffs' original *Petition for Damages and Determination of Filiation,* which was left at the reception desk of the law firm of Defendants' agent for service of process. Defendants have taken no action in the Civil District Court for the Parish of Orleans prior to this removal.

3.

Attached hereto as <u>Exhibit A</u> is Plaintiff's original *Petition for Damages and Determination of Filiation*. A certified copy of all pleadings in the court records at the Civil District Court for the Parish of Orleans has been requested and will be supplied upon receipt.

4.

In their state court *Petition for Damages,* Plaintiffs are among more than 840 nursing home residents of facilities operated by Defendants that were sent to a so-called "Warehouse" to ride out Hurricane Ida. Plaintiffs allege that the warehouse was "unsuitable" and the conditions therein "Exposed patients to harsh conditions that deprived them of their human dignity" and caused

"injuries and death to many." *Id.* at para. 7. Plaintiffs allege that the Dean Enterprise and Bob Dean Jr., himself, "controlled and directed the activities of the evacuation." *Id.* at para. 8. Plaintiffs further alleges that the evacuation "ran afoul of Louisiana Law," and "breached standards of ordinary care, and was contrary to common sense and basic notions of human needs and dignity." *Id.* at para. 9.

5.

Dozens of lawsuits, including several class actions lawsuits, have been filed regarding the very same facts that underlie Plaintiffs' Petition. The first of those was a class action entitled "*Nancy Anderson; Joy Manguno; Jayme Songy, as Curator for Malvina Songy; and Janice Verdin, as representative of Catherine Roussell, individually and on behalf of others similarly situated v. Bob Dean, Jr.; Uptown Healthcare Center, LLC.; Park Place Healthcare, LLC; Raceland Manor Nursing Home, Inc.; Maison De'ville Nursing Home, Inc.; River Palms Nursing & Rehab, LLC ; Maison De'ville Nursing Home of Harvey, LLC.; St. Elizabeth's Caring, LLC.; and Bob Dean Enterprises, Inc.*," hereinafter referred to as the "*Anderson*" class action. *See* <u>Exhibit B</u>, *First Supplemental and Amended Petition for Class Action, Injunctive Relief, and Damages*. Just like Plaintiffs in the instant case, Plaintiffs in the *Anderson* case seek an award of all appropriate damages – including wrongful death damages – on behalf of all Bob Dean, Jr. Nursing Home residents (and any legal representatives thereof) who were evacuated to the so-called warehouse in Independence, Louisiana, as a result of Hurricane Ida. *Id.* at para. 5.

6.

*Anderson* was originally filed on September 6, 2021, and the defendants in that case removed it to this Court on October 15, 2021. The basis for removal was 28 U.S.C. § 1332(d)(2), also known as the Class Action Fairness Act ("CAFA"). Several other class actions arising out of the same event have been removed under CAFA, and were subsequently consolidated with

*Anderson* in Section I of this Court (Judge Lance Africk presiding).

7.

Defendants deny the allegations of Plaintiffs in the instant matter and the *Anderson* case (and those matters consolidated with it). Defendants assert that the evacuation shelter was adequate for the number of residents involved and was approved by the Louisiana Department of Health & Hospitals in advance of Hurricane Ida. Any inconvenience, discomfort, water intrusion, loss of electricity or other related issues were caused by the effects of the Category 4 hurricane. Nevertheless, at all times, Defendants submit that staff on site took swift action to move residents out of affected areas and into dry buildings. Defendants submit that claims of plaintiffs were caused by an act of God, not the negligence of Defendants or their employees.

## BASIS OF JURISDICTION AND REMOVAL

8.

As will be shown more fully below, the Court has jurisdiction over the instant matter under 28 U.S.C. § 1367, the supplemental jurisdiction statute. The Court has original jurisdiction over *Anderson* and the cases consolidated with it, and because the instant matter is essentially the same case or controversy, the Court may exercise supplemental jurisdiction over this case.

9.

*Anderson* was removed under the Class Action Fairness Act ("CAFA"), which states that "[t]he district courts shall have original jurisdiction of any civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of Plaintiffs is a citizen of a State different from any defendant …." *See* 28 U.S.C. § 1332(d)(2).

10.

Due to the minimal diversity of the parties in *Anderson* (which, admittedly, is disputed),

the amount of putative class members, and the amount in controversy exceeding $5,000,000, removal of *Anderson* was proper under CAFA, therefore giving the court original jurisdiction over the *Anderson* matter.

### *28 U.S.C. §1367 AUTHORIZES THE DISTRICT COURTS TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ALL OTHER CLAIMS THAT ARE SO RELATED TO AN ACTION OVER WHICH THE DISTRICT COURT HAS ORIGINAL JURISDICTION*

11.

Removal in this case is not based on CAFA, of course, because the instant case is not a class action. Rather, jurisdiction is based on 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.

*Abalos* and *Anderson* are the same case, the only difference being that *Abalos* is an individual action and *Anderson* is a class action. Plaintiffs' claims in the instant case are based on the same facts and circumstances as the *Anderson* class action, specifically allegations involving the evacuation of over 840 nursing home residents that were evacuated from facilities owned by Bob Dean to the so-called warehouse in Independence, Louisiana, due to Hurricane Ida, and the resultant wrongful death claims.

13.

The claims of Plaintiffs in this case and the *Anderson* case arise solely out of one event, the evacuation of nursing home residents due to Hurricane Ida. Plaintiffs in both cases seek damages for alleged injuries suffered during the evacuation. Both cases involve the same evacuation, seek the same redress, and involve residents at the same nursing homes. These were

not separate, unrelated incidents, but rather all allegations stemming from one evacuation. The instant matter therefore arises out of the same case or controversy as the *Anderson* case, over which this court has original jurisdiction through CAFA, and therefore this court can exercise Supplemental Jurisdiction under 28 U.S.C. § 1367 and remove the instant case to federal court based on its similarity to and relation with *Anderson.*

### *FEDERAL COURTS HAVE ALLOWED THE EXERCISE OF 1367 SUPPLEMENTAL JURISDICTION IN A CAFA CONTEXT*

14.

In *Thompson v. Target,* plaintiff filed two actions against Target. *Thompson v. Target Corp.*, No. EDCV1600839JGBMRWX, 2016 WL 4119937, at *1 (C.D. Cal. Aug. 2, 2016). The first action asserted two class action claims, while the second action sought civil penalties under the Private Attorney General Act, "PAGA." *Id.* The court acknowledged that based on Ninth Circuit precedent, the PAGA representative actions did not constitute a class action under CAFA. *Id* at 12. The Central District of California noted that although they did not have original jurisdiction over the PAGA claims, the court ruled that because it has original jurisdiction over Plaintiff's class claims under CAFA, the *Court may exercise supplemental jurisdiction* over Plaintiff's PAGA claims. *Id.* The District Court noted that under 28 U.S.C. § 1367(a), "district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In denying the motion to remand, the Central District of California ruled because Plaintiff's PAGA and class claims *concern the same misconduct* by Defendant, the PAGA claims are therefore properly within the Court's supplemental jurisdiction. *Id.* Just as in *Thompson,* the class and non-class claims of *Anderson* and *Becnel,* respectively,

concern the same alleged misconduct and therefore the court may exercise supplemental jurisdiction over the non-class claims

15.

In *Safranek v. USAA*, plaintiff filed four lawsuits against USAA arising out of an automobile accident. *Safranek v. USAA Cas. Ins. Co.,* 525 F. Supp. 3d 707, 711 (M.D. La. 2021). Plaintiff filed three lawsuits against USAA regarding the amounts owed to Plaintiff, and one Class Petition, asserting class claims based on an allegation that USAA engaged in misinterpretations of the hit-and-run terms of its policies. *Id.* at 712. USAA removed the matter to the Middle District of Louisiana on the basis of CAFA. Plaintiffs filed a motion to remand, and in the alternative, requested the Court sever and remand all non-class claims raised by plaintiffs prior to removal. *Id.* at *713*. Defendant argued that severance and remand of Plaintiffs' claims is not warranted because Plaintiffs' claims, whether asserted individually or as a class, are factually connected as they all relate to USAA's handling of Plaintiffs' UM claim arising out of the accident. *Id* at 729. In denying the motion to remand, the Middle District of Louisiana reasoned that severance and remand of the individual Plaintiffs' claims was not supported in this case. *Id.* The Middle District stated that the court had jurisdiction over Plaintiffs' claims, individually and as asserted on behalf of the class, for UM benefits and bad faith penalties and damages pursuant to CAFA, *and supplemental jurisdiction over Plaintiffs' related individual claim* challenging USAA's lien on the settlement proceeds pursuant to 28 U.S.C. § 1367. *Id.* at 729-730.

16.

Finally, in *Ayers v. State Farm,* Plaintiff Frank Ayers initiated an action in state court against several defendants asserting numerous individual state-law claims and a putative nation-wide class claim. *Ayers v. State Farm Mut. Auto. Ins. Co.,* No. 617CV1265ORL37TBS, 2017

WL 6524001, at *1 (M.D. Fla. Dec. 21, 2017). Specifically, Plaintiff brought claims against Defendants for: (1) bad faith; (2) fraud; and (3) tortious interference (collectively, "Individual Claims"). *Id.* Based on its alleged obligation to provide Plaintiff with counsel and reimbursement of fees, plaintiff also brought a putative class action claim for breach of contract against State Farm ("Class Claim"). *Id.* Defendant State Farm removed the class claim under CAFA, but defendants also argued that the Court had supplemental jurisdiction over the Individual Claims. *Id.* The Middle District of Florida, Orlando Division, concluded that § 1367 applied, reasoning that when Congress intends to preclude application of § 1367, it says so. *Id.* at 2. Because no language precluding § 1367 appears in CAFA, which Defendants invoked in this case, this court concluded that § 1367 applied. *Id.* at 2. The *Ayers* court ultimately decided not to exercise supplemental jurisdiction, but this was because the individual claims and class claims would require different witnesses, evidence, and facts. This is clearly distinguishable from the instant case, in which the *Anderson* and *Abalos* cases would require the same evidence, facts, and witnesses.

17.

The same rationale applies in this case. Both the instant matter and *Anderson* (as well as the cases consolidated with it) arise out of the same set of facts and circumstances. As the cases cited above establish, CAFA and section 1367 jurisdiction are harmonious, and the Court may exercise supplemental jurisdiction over individual state-law claims when they form the same case or controversy as class actions over which the Court has original jurisdiction under CAFA.

*SUPPLEMENTAL JURISDICTION WOULD CONSERVE RESOURCES, SAVE TIME AND PROMOTE JUDICIAL ECONOMY*

18.

By exercising supplemental jurisdiction over this matter, the Court would save all parties

time and expense by coordinating actions that arise out of the same facts. In fact, because a ruling in *Anderson* would preclude the claims of Plaintiffs in the instant matter, it is critical that the cases be consolidated to prevent a complete waste of judicial resources.

19.

First, *Anderson*'s class action allegations are rooted, at least in part, in La. Code Civ. Proc. art. 591(B)(2), which gives rise to a class action when the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. *See* Exhibit B, para. 69.

20.

The filing of an individual lawsuit is not a means of requesting exclusion from a class. *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 11-2835 (La. 11/2/12), 125 So.3d 1057, 1068. In fact, the law does not provide any mechanism for members of an injunctive class action to "opt out" of the class in the first place. *Ansardi v. La. Citizens Property Ins. Co.*, 11-1717 (La. App. 4 Cir. 3/1/13), 111 So.3d 460, 483. Therefore, although Plaintiffs have instituted a separate suit, they are still putative members of the class proposed by *Anderson*, which explicitly includes persons with wrongful death claims.

21.

Because the Plaintiffs in this case remain putative class members, a ruling in *Anderson* will bind these plaintiffs under the theory of claim preclusion. "The general rule is that a judgment in a class action will bind the absent members of the class." *Gomez v. Aardvark Contractors, Inc.*, No. CV 18-4186, 2020 WL 2473771, at *4 (E.D. La. May 13, 2020). This is true "even though the member had filed a claim or instituted a personal suit before the decision in the class action." *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 996 (5th Cir. 1981); *see Cooper v. Fed. Rsrv. Bank*

*of Richmond*, 467 U.S. 867, 874, 104 S. Ct. 2794, 2798, 81 L. Ed. 2d 718 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). It would therefore be a waste of time, effort, and expense for the parties to litigate the instant matter in state court only to find that the entire proceedings were bound by a ruling in *Anderson*, which is likely to reach its conclusion more quickly before this Court.

22.

The exercise of supplemental jurisdiction would occasion no prejudice on these plaintiffs, who may, "of course, seek to intervene in the class action and may contend for intervention, or object to the binding effect of a class action judgment, on the ground that [they were] not adequately represented in the class action." *Pappillion v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 19-117-SDD-SDJ, 2021 WL 4484992, at *3 (M.D. La. Sept. 3, 2021), *report and recommendation adopted,* No. CV 19-117-SDD-SDJ, 2021 WL 4480991 (M.D. La. Sept. 29, 2021). Accordingly, the exercise of supplemental jurisdiction is both proper and efficient.

### *REMOVAL IS TIMELY*

23.

Defendants show that this Notice of Removal is timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446, because it is being removed within 30 days after the service of the Citation and Petition for Damages upon Defendants.

### *ALL DEFENDANTS JOIN IN THE REMOVAL*

24.

All Defendants hereby join in the removal.

### *VENUE*

25.

The venue of this removal action is a proper venue pursuant to the provisions of 28 U.S.C. §1441(a), inasmuch as the United States District Court for the Eastern District of Louisiana embraces Orleans Parish and the Civil District Court for the Parish of Orleans, the location of the pending state court action.

26.

Based on the foregoing, Defendants have shown that Plaintiffs' Petition for Damages is properly removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

27.

Written notice of the filing of this removal is being provided to the adverse parties, as required by law.

28.

A true copy of this Notice of Removal is also being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, as required by law.

**WHEREFORE** Defendants pray that Plaintiffs' Petition for Damages and Determination of Filiation be removed to this Court, that this Court accept jurisdiction of Plaintiffs' petition, and that the case be placed on the docket of this Court for further proceedings, as though it had originally been instituted in this Court.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

s/Philip G. Watson
_____
**ANDREW D. WEINSTOCK #18495
PHILIP G. WATSON #31356
MEREDITH N. WILL #39387
JOSEPH C. MCALOON #39977**
Three Lakeway Center, Suite 2900

        3838 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile (504) 837-3119
andreww@duplass.com
pwatson@duplass.com
mwill@duplass.com
jmcaloon@duplass.com
**Counsel for Defendants, Uptown Healthcare Center, LLC, Raceland Manor Nursing Home, Inc., Bob Dean Enterprises, Inc., Property Holding Company of Crescent City, LLC, DNHG, LLC, River Palms Nursing & Rehab, LLC, Park Place Healthcare, LLC, St. Elizabeth's Caring, LLC, Maison De'Ville Nursing Home, Inc., Maison De'Ville Nursing Home of Harvey, LLC, and Plaquemine Plaza Holdings, LLC**

**AND**

**PIPES MILES BECKMAN, LLC**

s/H. Minor Pipes III
_____
**H. MINOR PIPES III #** 24603
**KELSEY L. MEEKS #** 33107
1100 Poydras St., Ste. 1800
New Orleans, LA 70163
Telephone: (504) 322-7070
Facsimile (504) 322-7520
mpipes@pipesmiles.com
kmeeks@pipesmiles.com
**Counsel for Defendant, Bob Dean Jr.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                                              s/Philip G. Watson

                                _____
                                            PHILIP G. WATSON